IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEVEN TAYLOR,                                    Case No. 3:09-cv-278-MA

                Plaintiff,                                    ORDER

     v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

                Defendant.

MARSH, Judge

In this proceeding, plaintiff seeks an award in the amount of $20,412.31 for attorney fees, plus $77.40 for expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). For the reasons that follow, plaintiff's application for fees is granted in part and denied in part.

### Background

Plaintiff Steven Taylor filed an application for disability benefits on December 22, 1999, due to an upper back injury, a lower back injury and a muscle disease. The ALJ issued an unfavorable

decision, which the Appeals Council remanded for further consideration of plaintiff's alleged mental impairments. Following another hearing, the ALJ again issued an unfavorable decision denying benefits. Plaintiff again appealed, but the Appeals Council found that request untimely. After successfully pursuing a mandamus action in this court, the Appeals Council considered plaintiff's request for review, including additional medical evidence from Jeffrey Thompson, M.D., Glen O'Sullivan, M.D., Mark Greenburg, M.D., and Zakir Ali, M.D. The Appeals Council found that the additional medical evidence did not provide a basis for changing the ALJ's decision.

Plaintiff then sought review in this court. In a July 12, 2010 decision, I affirmed the ALJ's unfavorable decision, and plaintiff appealed. On December 28, 2011, the Ninth Circuit reversed this court's decision, and remanded the case to the ALJ for consideration of Dr. Thompson's opinion evidence and reconsideration of plaintiff's disability claims.

As the prevailing party, plaintiff subsequently filed the current application (#26) for fees, costs and expenses under the EAJA. The Commissioner does not dispute that plaintiff is the prevailing party, that the application is timely, and does not appear to contend that its position was substantially justified.[1]

---

[1]In its response to plaintiff's fee application, the

(continued...)

However, the Commissioner seeks a reduction because the requested fees unreasonably include excessive or duplicative time, and unreasonably include time spent on clerical or administrative tasks.

## DISCUSSION

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008); Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 434; Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998). This court recognizes a range of 20 to 40 hours as "a reasonable amount of time to spend on a social security disability case that does not present particular

---

[1](...continued)
Commissioner states in its closing paragraph that the request for fees should be denied because the Commissioner's position was substantially justified. (Response to Application for Fees (#29) p. 8.) I note, however, that the Commissioner did not set forth the relevant legal standards for establishing substantial justification, or attempt to meet those standards. Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988)(government bears burden of establishing substantial justification under EAJA). Therefore, to the extent the Commissioner makes such an argument, it is rejected.

difficulty." <u>Harden v. Commissioner Soc. Sec. Admin.</u>, 497
F.Supp.2d 1214, 1215-16 (D. Or. 2007).

The fee applicant bears the burden of documenting the
appropriate hours expended in the litigation and must submit
evidence in support of those hours worked. <u>Gates</u>, 987 F.2d at
1397. "A fee applicant should maintain billing records in a manner
that enables a reviewing court to easily identify the hours
reasonably expended." <u>Brandt v. Astrue</u>, 2009 WL 1727472, *3 (D.
Or. June 16, 2009). The party opposing the fee request has the
burden of rebuttal which requires the submission of evidence to
challenge the accuracy and reasonableness of the hours charged.
<u>Id.</u> at 1397-98. Where documentation is inadequate, the court may
reduce the requested award. <u>Hensley</u>, 461 U.S. at 433-34.

Plaintiff seeks a total of $20,412.31 in attorney fees for
115.70 hours expended, broken down by year as follows: $172.24 per
hour for 33.15 hours expended in 2009, $175.06 per hour for 37.1
hours expended in 2010; and $180.59 per hour for 45.45 hours
expended in 2011. Plaintiff also seeks $77.40 in expenses for
mailing documents. The Commissioner does not object to the hourly
rate, costs or expenses, and I note that the rates are within the
statutory cap provided for under the EAJA.

////

////

4 - ORDER

I.    **Clerical Tasks**.

In this district, it is well settled that clerical work or secretarial tasks are not properly reimbursable as attorney's fees. Missouri v. Jenkins, 491 U.S. 274, 288 n.1 (1989)(clerical tasks are typically considered overhead expenses, and are not reimbursable; "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate"); Aranda v. Astrue, 2011 WL 2413996, *6 (D. Or. June 8, 2011)(finding clerical tasks such as filing are not compensable as EAJA attorney fees); Beyer v. Commissioner, Soc. Sec. Admin., 2011 WL 2222132, *2 (D. Or. June 6, 2011)(same); Costa v. Astrue, 2011 WL 221837, *2 n.1 (D. Or. Jan. 18, 2011)(same).

The Commissioner specifically contends that plaintiff has erroneously included 2.60 hours of time expended in preparing EAJA documents and .8 hours for preparing and serving the summons.

I disagree with the Commissioner that preparation of the EAJA documents are clerical, and thus not compensable.  The billing entries themselves do not suggest that the nature of this work was purely clerical in nature.  Also, it is not unreasonable for an attorney to prepare a time sheet for submission in support of a fee application.  This is particularly true where, as here, there is no separate entry for preparing the memorandum in support of the fees. See Costa, 2011 WL 221837 at *3.  Therefore, I do not find 2.6

hours to be excessive for preparing the motion and supporting materials for the EAJA fee request.

A review of the billing entries reveals that Mr. Wilborn has billed for preparing and serving summonses and related documents, tasks which I consistently have found to be clerical in nature. Aranda, 2011 WL 2413996 at *6; Neil v. Astrue, 2011 WL 4406311 (D. Or. Sept. 21, 2011); accord Brandt, 2009 WL 1727472 at *4. Consistent with the practice in this district to exclude time for preparing summonses and serving the defendant, and for the reasons set forth in Brandt and Neil, I find the following entries must be excluded:

| | | |
|---|---|---|
| 4/1/09 | Draft Summons and have them issued by court | .2 |
| 4/2/09 | Prepare service documents for 3 government officers | .3 |
| 4/17/09 | Prepare documents to allege service via ECF | .2 |

These reductions result in a .7 hour reduction for time billed in 2009.

## II. **Excessive Fees.**

The Commissioner argues that plaintiff has duplicated efforts by hiring two experienced attorneys, Tim Wilborn and Ralph Wilborn. The Commissioner also argues that the fees expended are excessive, given that the case did not involve new or complex issues, but instead was routine. According to the Commissioner, Ralph

6 - ORDER

Wilborn's billing of 40.75 hours at the district court and another 53.25 at the Ninth Circuit was excessive. I disagree.

As plaintiff correctly notes, plaintiff's attorneys did not appear to duplicate their efforts, but rather Ralph Wilborn researched and drafted the district court and appellate briefing while Tim Wilborn handled the non-briefing aspects of the case. I recognize that 115 hours is substantially higher than the average 20 to 40 hours typically expended. However, this is undoubtedly due to plaintiff's successful appeal to the Ninth Circuit. Moreover, the record in this case was a bit longer than average, and plaintiff challenged numerous issues.

I have carefully reviewed and compared the briefing submitted by plaintiff's attorneys to this court, as well as the Ninth Circuit. I note that the bulk of plaintiff's opening brief to the Ninth Circuit is substantially similar to the briefing submitted to this court. However, in reviewing the billing entries, Ralph Wilborn expended 15 hours in preparing plaintiff's Ninth Circuit opening brief, which appears to be a reasonable amount for that task. The bulk of Ralph Wilborn's fees at the Ninth Circuit level came in preparing plaintiff's Reply briefing. A comparison of that briefing does not reveal any redundancies. Additionally, I note that the Commissioner does not make any further specific challenges to plaintiff's fee request. Therefore, I find the Commissioner has

not established that any further reductions in the hours expended by plaintiff are warranted.

In summary, in light of the modest reduction discussed above, I find a total of 115 hours to be reasonable under the EAJA. Therefore, plaintiff is entitled to an award of $20,292.47 in fees (32.45 hours in 2009 X $172.24 = $5,589.92, 37.1 hours in 2010 X $175.06 = $6,494.73, 45.45 hours in 2011 X $180.59 = $8,207.82), and $77.40 in expenses.

## CONCLUSION

For the reasons stated above, plaintiff's Application for Fees Pursuant to EAJA (#26), is GRANTED in part and DENIED in part. Plaintiff is awarded $20,292.47 in fees, plus $77.31 in expenses. Consistent with Astrue v. Ratliff, 130 S.Ct. 2521, 2527-28 (2010), this EAJA award is subject to any offset allowed under the Treasury Offset Program.

IT IS SO ORDERED.

DATED this _18_ day of APRIL, 2012.

Malcolm F. Marsh
United States District Judge

8 - ORDER